UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D'URYYAH AJAMU,

    Plaintiff,

vs.                                    Case No. 8:14-cv-01609-T-27TGW

UNITED STATES MARSHALS SERVICE,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (Dkt. 26). Plaintiff, who is proceeding *pro se*, failed to respond to the motion. Upon consideration, the motion is **GRANTED**.

### BACKGROUND

Plaintiff D'Uryyah Ajamu alleges he delivered a Freedom of Information Act ("FOIA") request to Eric Thompson, Chief United States Marshal, in the United States District Court for the Middle District of Florida, Orlando Division. (Dkt. 1 ¶ V). Ajamu sought records related to an incident in April 2014, in which he allegedly was surrounded by court security staff in the United States Courthouse in Orlando and denied entry to a courtroom. (*Id.* ¶¶ VI-X). Ajamu claimed he never received the requested information. (*Id.* ¶ XII).

Defendant admits that Ajamu's FOIA request was initially not forwarded to the appropriate parties within USMS, but states that in August 2014, USMS searched for information responsive to the request. (Dkt. 26-1 ¶¶ 2-5). USMS located 91 pages of records responsive to Ajamu's request,

1

of which 63 pages were released without redaction, 26 pages were partially redacted, and two pages were withheld in their entirety. (*Id.* ¶¶ 6-8). Defendant now contends it is entitled to summary judgment, because it conducted an adequate search of relevant materials and all of the redacted and withheld material met statutory exemptions in FOIA.

### STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d

590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Kernel Records*, 694 F.3d at 1301.

The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 658 (11th Cir. 2012). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). "Although all justifiable inferences are to be drawn in favor of the nonmoving party," *Baldwin Cnty. v. Purcell*, 971 F.2d 1558, 1563-64 (11th Cir. 1992), "inferences based upon speculation are not reasonable." *Marshall v. City of Cape Coral*, 797 F.2d 1555, 1559 (11th Cir. 1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine dispute over a material fact, the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1998). However, if the nonmovant's response consists of nothing more than a repetition of conclusory allegations, summary judgment is not only proper, but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981), *cert. denied*, 456 U.S. 1010 (1982).

The district court need not "parse a summary judgment record to search out facts or evidence not brought to the court's attention." *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2006)

If the motion for summary judgment is unopposed, the movant still bears the burden of satisfying the Rule 56(a) requirements. *U.S. v. $688,670.42 Seized from Regions Bank Account No.*

3

*XXXXXX5028*, 449 Fed. App'x 871, 873 (11th Cir. 2011). "The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101-02 (citation omitted).

## DISCUSSION

The Eleventh Circuit has stated that "[g]enerally, FOIA cases should be handled on motions for summary judgment. . . ." *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993).

In FOIA cases, once the plaintiff has demonstrated that the government has records that should be produced under the FOIA, the burden of the proof is on the government to establish that it has conducted an adequate and reasonable search, and that any withheld documents are exempt from disclosure. *Id.* at 1244; *Miscavige*, 2 F.3d at 367. The government may meet its burden with affidavits, a *Vaughn* index,[1] or *in camera* review. *Miscavige*, 2 F.3d at 368. Here, the government has supplied both an affidavit by William E. Bordley, Associate General Counsel and Freedom of Information/Privacy Officer of the United States Marshals Service, and a *Vaughn* index. (*See* Dkt. 26-1).

### *Adequacy of Search*

The government bears the burden of providing "sufficient evidence" to show it "'conducted

---

[1] A *Vaughn* index "is a detailed index showing justification for withholding each document." *Miscavige*, 2 F.3d at 367 (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), *on appeal from remand*, 523 F.2d 1136 (D.C. Cir. 1975)).

4

a search reasonably calculated to uncover all relevant documents.'" *Miccosukee Tribe*, 516 F.3d at 1248 (quoting *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990) (quotations omitted), *rev'd on other grounds*, *U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991)). To meet this burden, the government need not conduct an "exhaustive search," but may limit its search to those sources "likely [to] contain responsive records." *Williams v. Dep't of Veterans Affairs*, 510 F. Supp. 2d 912, 920 (M.D. Fla. 2007).

Here, the government searched the United States Marshals Service Inappropriate Communications/Threat Information System ("IC/TIS"), JUSTICE/USM-009 records system. (Dkt. 26-1 ¶ 6). This database contains records related to the protection of federal judges and court staff by USMS. (*Id.* ¶¶ 6-7). As Ajamu sought records relating to an incident between himself and USMS personnel, this search was reasonably calculated to uncover documents relevant to his request. Accordingly, the government has shown that its search was adequate for the purposes of FOIA.

### *Exemptions*

As stated, the government identified 91 pages of material relevant to Ajamu's request, and produced 89 pages to Ajamu, redacting 26 of them. (*Id.* ¶¶ 7-8). Two pages, consisting of one document, were withheld in their entirety. (*Id.* ¶ 8). The government claimed that three exemptions permitted its withholding and redaction of information: Exemptions 5, 7(C), and 7(E), codified at 5 U.S.C. § 552(b)(5), (b)(7)(C), and (b)(7)(E). FOIA provides that requested documents may be withheld from disclosure if they fall within a statutory exemption. *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); *Office of Capital Collateral Counsel, N. Region of Florida ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003)). The exemptions

are "narrowly construed" and the government bears the burden to prove that a requested document is exempt from disclosure. *Id.* (citing *EPA v. Mink*, 410 U.S. 73, 80 (1973); *Chilivis v. SEC*, 673 F.2d 1205, 1210-11 (11th Cir. 1982); 5 U.S.C. § 552(a)(4)(B)).

### Exemption 5

The government contends the one document withheld in its entirety is subject to Exemption 5, which protects from disclosure intra-agency materials "which would not be available by law to a [non-government] party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). The government also argues that redacted portions of other documents are subject to Exemption 5. The withheld and redacted information relates to research and analysis of Ajamu's allegedly inappropriate communications with judges and court staff. (Dkt. 26-1 ¶ 9). Exemption 5 protects documents "reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated," so long as the documents are "predecisional" and "deliberative." *Moye, O'Brien, O'Rourke, Hogan, & Pickert*, 376 F.3d at 1277 (citation omitted). Predecisional documents are those prepared to assist an ultimate decision-maker in making a decision and include "subjective" and "personal opinions of the writer rather than the policy of the agency." *Id.* Deliberative documents are protected from disclosure because they expose an agency's decision-making process, and their disclosure would chill "candid discussion" within the government. *Id.* at 1278. The government has carried its burden to show that the information withheld based on Exemption 5 is predecisional and deliberative, as the documents reflect internal USMS opinions and analysis of potential threats to judges and the courts. (Dkt. 26-1 ¶ 9).

### Exemption 7(C)

Exemption 7(C) allows the government to withhold information that was compiled for law

6

enforcement purposes if the production of the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Engberg v. U.S. Dep't of Justice*, No. 8:10-CV-1775-T-23MAP, 2011 WL 4502079, at *7 (M.D. Fla. Aug. 12, 2011), *report and recommendation adopted*, No. 8:10-CV-1775-T-23MAP, 2011 WL 4501388 (M.D. Fla. Sept. 27, 2011) (quoting 5 U.S.C. § 552(b)(7)(C)). This privacy interest is balanced against the public interest in disclosure. *See Ely v. F.B.I.*, 781 F.2d 1487, 1490 (11th Cir. 1986).

Here, the records in question were compiled by the USMS in the course of conducting investigations of allegedly inappropriate communications by Ajamu with judges and other government employees, a law enforcement purpose. (Dkt. 26-1 ¶ 10). The government has redacted the names and other personally-identifiable information related to persons protected by USMS, law enforcement employees, and relevant third parties. (*Id.*) The redaction of this information properly protects the personal privacy of the individuals concerned, as contemplated by Exemption 7(C), and does not harm the public interest. *See Engberg*, 2011 WL 4502079, at *5. Therefore, the information subject to Exemption 7(C) is properly withheld from disclosure.

### Exemption 7(E)

Finally, Exemption 7(E) prevents the disclosure of information that would reveal the techniques and procedures of law enforcement investigations, or guidelines of such investigations, if the disclosure of such guidelines "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The government need only "demonstrate logically how the release of the requested information might create a risk of circumvention of the law," which is a lower standard for the government to meet than many other FOIA exemptions. *See Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1194 (D.C. Cir. 2009) (internal alteration and quotation omitted).

The records withheld under Exemption 7(E) were compiled and made by USMS in the course of its duties to protect federal judges and court staff. (*See* Dkt. 26-1 ¶ 11). The government contends that the information withheld consists of USMS guidelines and procedures for investigations and analyses of potential threats to the judiciary. (*Id.* ¶¶ 11-12). As Exemption 7(E) exists to protect these types of records, they have been appropriately withheld.

As all of the records withheld by the government are exempt from disclosure, summary judgment is due to be granted to Defendant.

## CONCLUSION

Defendant's Motion for Summary Judgment (Dkt. 26) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and **CLOSE** this case.

**DONE AND ORDERED** this 12th day of May, 2015.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
*Pro se* Plaintiff
Counsel of Record